UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adriano L.V., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, <br><br> Respondents. | Case No. 26-cv-269 (MJD/DJF) <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner Adriano L.V.'s[1] *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* ("Petition") (ECF No. 1). Adriano is a citizen of Ecuador and entered the United States without inspection on October 1, 2021. (*Id.* at 2, 13.) Since January 13, 2026, United States Immigration and Customs Enforcement ("ICE") has detained him at Fort Snelling, Minnesota. (*Id.* at 1.) Respondents are various federal officials responsible for enforcing the nation's immigration laws and who control Adriano's detention at Fort Snelling. (*Id.* at 4-5.) The Petition asks the Court to issue a writ of habeas corpus ordering Respondents to release Adriano or, in the alternative, provide him with a bond hearing. (*Id.* at 16-17.) For the reasons given below, the Court recommends that the Petition be granted and that a writ of habeas corpus be issued ordering Respondents to release Adriano immediately.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in immigration matters.

The Petition raises a debate that is now quite familiar in this District: Whether a noncitizen who entered the United States without inspection or permission to enter, who is arrested and detained in the interior of the country after living here for years, is subject to expedited removal without bond under the provisions of 8 U.S.C. § 1225, or is instead subject to the more forgiving provisions of 8 U.S.C. § 1226. The Petition argues Section 1226 applies and that Adriano's detention violates Section 1226(a) and the Due Process Clause of the Fifth Amendment. (*Id.* at 14-16.) Section 1226(a) "allows for arrest of an alien *on a warrant* issued by the Secretary of [the Department of Homeland Security ("DHS")²] 'pending a decision on whether the alien is to be removed from the United States.'" *Belsai D.S. v. Bondi*, 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *1 (D. Minn. Oct. 1, 2025) (quoting 8 U.S.C. § 1226(a)) (emphasis added). "It further provides that unless the person falls into the mandatory-detention category of § 1226(c) [applicable to certain criminal offenders], DHS may detain or release the alien on bond or conditional parole." *Id.* There is nothing in the record to suggest that Adriano has a criminal history. Therefore, if Section 1226 applies to Adriano, his detention would be permissible only upon issuance of a DHS warrant, he would be entitled to a bond hearing, and his continued detention at such a hearing would be discretionary, not mandatory.

Respondents argue that Section 1226(a) does not apply to Adriano's detention, and that his detention is statutorily mandated by Section 1225(b)(2). (ECF No. 4 at 2.) According to Respondents, Adriano is subject to detention under Section 1225 as an "applicant for admission" to the United States pursuant to Section 1225(a) because he entered without inspection, though he has

---

² Section 1226(a) states that arrested is permitted "[o]n a warrant issued by the Attorney General." Because this language predates the Department of Homeland Security and ICE, however, courts now construe the statute's reference to the Attorney General as referring to the Secretary of the Department of Homeland Security. *See Silva v. United States*, 866 F.3d 938, 940 n.2 (8th Cir. 2017).

now lived here for over four years.

In asserting this argument, Respondents presses upon the Court a relatively recent reinterpretation of the statutory regime that seeks to overturn decades of precedent and the agency's own construction of the applicable laws, under which noncitizens who have been present in the United States for a significant period of time are entitled to a bond hearing, while new arrivals are not.  *Compare* 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating, in connection with enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), that "despite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination" and that "[t]he effect of this change is that inadmissible aliens, except for arriving aliens, have available to them bond redetermination hearings before an immigration judge, while arriving aliens do not."); *with Matter of Yajure Hurtado,* 29 I&N Dec. 216, 225 n.6 (BIA 2025) (acknowledging longstanding practice of providing bond hearings under Section 1226(a) "for aliens who entered the United State without inspection" but concluding instead that such persons are generally subject to Section 1225).  Respondents acknowledged in *Hutardo* that their position is at odds with the way they have handled these cases for years (*see id.*), but rather than lobby Congress for a statutory amendment, they advance a new statutory construction and argue they should not now be held to their own previous interpretation of the statute.  *See, e.g.* Federal Respondents' Response to Petition for Writ of Habeas Corpus, *Oscar V. v. Bondi*, Case No. 26-cv-0087 (MJD/JFD) (D. Minn. Jan. 12, 2026) (ECF No. 5 at 5, "Although the Government has previously operated under a different (and erroneous) understanding of the law, this Court must apply the language of Section 1225(b)(2)(A) as written.").  The Court need not revisit Respondents' statutory construction argument, which the presiding judge in this case previously rejected in an analogous case.  *See*

*Beltran v. Bondi*, 25-cv-4604 (MJD/DTS), 2025 WL 3719856 (D. Minn. Dec. 23, 2025). The Court agrees the *Beltran* decision and sees no basis to enter a contrary recommendation here.

Respondents urge the Court to reach a different conclusion on grounds that some courts have now agreed with their interpretation in factually similar cases. (ECF No. 4 at 3-5.) However, Respondents concede that the facts and arguments presented in this case are similar to many other petitions that have flooded the District of Minnesota recently (*id.*), and almost every judge to have considered these petitions has held that Section 1226(a) regulates the terms of the petitioners' detention, not Section 1225(b)(2). *See Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) ("Every judge in this District to have addressed this question … has decided that § 1226(a)'s discretionary regime applies in cases like this, where the Petitioner has been in the country for some time and where his detention did not occur in connection with an attempt or request to enter the United States."). *But see Abdirahmaan G. v. Noem*, No. 26-cv-34 (PAM/SGE) (D. Minn. Jan. 14, 2026), ECF No. 7 (holding that Section 1225(b)(2) applies under similar circumstances as here). The Court finds this District's majority view persuasive and concludes that Adriano's detention is subject to Section 1226(a), not Section 1225(b)(2).

Respondents further contend that the Court should adopt their position because the IIRIRA sought to correct an unfairness whereby "inadmissible noncitizens who successfully evaded apprehension and gained entry enjoyed greater rights than those who were found inadmissible after appearing for inspection." (ECF No. 4 at 7.) But this argument is disingenuous. First, Respondents argument is contradicted by the above-quoted statements in the Federal Register, which constitute far more credible evidence of what the IIRIRA was intended to do because the government made them immediately after the IIRIRA was enacted. Second, Respondents have argued—and the undersigned Magistrate Judge has previously held—that inadmissible noncitizens who successfully

evade apprehension but are arrested at or near the border soon after crossing are generally subject to mandatory detention and expedited removal under Section 1225. *See Bashir A. v. Klang*, Case No. 25-cv-4559 (KMM/DJF) (D. Minn. Dec. 31, 2025) (Report and Recommendation, ECF No. 16 at 4-5). Thus, the distinction is not between those who have "successfully evaded apprehension" and those who appear for inspection. Rather, the statutory regime draws a distinction between those who are recent arrivals—who have not purchased homes, married, had children, and established careers—and those who arrived long ago and built their lives here. This construction of the statutory regime recognizes that to suddenly remove someone who has established his life in the United States without affording him any process, as Respondents now seek to do, is significantly crueler. The Court therefore rejects Respondents suggestion that the interpretation they urge is somehow more equitable.

Having concluded Section 1226(a) applies, the Court must now recommend a remedy. The Petition asks the Court to immediately release Adriano. (ECF No. 1 at 17.) Respondents argue that, to the extent it applies, Section 1226(a) only entitles him to a bond hearing (ECF No. 4 at 8-9). But "[i]ssuance of a warrant is a necessary condition" precedent for detention under Section 1226(a). *Ahmed M.*, 2026 WL 25627, at *3 (citation modified); 8 U.S.C. § 1226(a). Respondents therefore must produce a warrant to show that they lawfully detained Adriano in the first place. Yet, they have not done so or even suggested that such a warrant exists despite being: (1.) on notice that the Petition sought immediate release; and (2.) directed to produce "such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petition's detention in light of the issues raised in the habeas petition." (ECF No. 3.) The warrant requirement should not come as a surprise to Respondents, since it is plainly in the text of Section 1226(a), and it has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District, *see Ahmed*

*M.*, 2026 WL 25627, at *3; *Juan S.R. v. Bondi*, 26-cv-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) (ECF No. 8); *Byron V.G. v. Bondi*, 26-cv-99 (KMM/DJF) (D. Minn. Jan. 15, 2026) (ECF No. 8). As there is not even a hint that a warrant was obtained prior to Adriano's detention, the Court recommends that he be released immediately.³

Further, the Court notes that although District Judge Davis entered an Order on January 14, 2026 enjoining Respondents from removing Adriano from this District until a final decision on his habeas petition is made, Respondents filed a statement on January 17, 2026, representing that they transferred Adriano to an ICE facility in Texas "for bed-space reasons" on January 14 before the injunction was filed. The Court thus recommends that Respondents be ordered to return Adriano to this District upon his release.

Given the expedited nature of these proceedings, the Court is altering the standard timelines for Respondents to file objections to this Report and Recommendation. *See* L.R. 72.2(b)(1) ("A party may file a serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*.") (emphasis added). Respondents must file any objection to this Report and Recommendation on or before **January 20, 2026**. Petitioner may file a response to any objections on or before **January 21, 2026**.

---

³ It is unsurprising that Respondents have not produced a warrant since they continue to detain individuals under the guise of Section 1225, which has no warrant requirement. *See Byron V.G.,* 26-cv-99 (KMM/DJF) (D. Minn. Jan. 15, 2026) (ECF No. 8 at 4 n.3).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Adriano L.V.'s *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (ECF No. 1) be **GRANTED**;

2. Respondents be ordered to release Petitioner Adriano L.V. from custody as soon as practicable; and

3. Respondents be ordered to return Petitioner Adriano L.V. to the District of Minnesota upon his release.

Dated:  January 18, 2026                     *s/ Dulce J. Foster*
                                             Dulce J. Foster
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  For the reasons previously stated, Respondents must file any objection to this Report and Recommendation on or before **January 20, 2026**.  Petitioner may file a response to any objections on or before **January 21, 2026**.